GAETANO DE VINGO & others vs. ANNIE A. HALL.

Suffolk.　March 2, 1910. — March 23, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Mechanic's Lien.*

Where three persons, each of whom has a lien under R. L. c. 197, § 1, upon certain real estate for labor performed in the erection of a building thereon, file in the registry of deeds for the county where the real estate is situated within the time allowed by § 6 of that chapter a certificate containing a description of the real estate upon which the liens are claimed, the opening statement of which is " We hereby certify that the following is a just and true account, with all just credits given of the amount due us for labor performed in the erection of a building" upon the lot described, followed under the word " Account" by three separate statements of the labor performed by each of the lienors, which certificate is signed and sworn to by an attorney in behalf of all of the lienors, the liens are preserved and the three lienors may maintain a joint petition to enforce them under § 11 of the same chapter.

The inversion, in the caption of the statement of account included in the certificate filed by a lienor under R. L. c. 197, § 6, to preserve a mechanic's lien, of the names of the lienor and of the contractor, which is an obvious error in the manner of stating the account, does not affect the validity of the lien.

PETITION, filed on June 26, 1907, under R. L. c. 197, § 11, by Gaetano De Vingo, Francesco Tateo and Ettore Di Giacomo, each of whom claimed a lien upon certain real estate of the respondent for work and labor performed in the erection of a building thereon.

Issues were framed for a jury and were tried before *Hitchcock*, J. The certificate filed by the petitioners in the registry of deeds for Suffolk County and referred to in the opinion was as follows:

" We hereby certify that the following is a just and true account, with all just credits given of the amount due us for labor performed in the erection of a building situated on a lot of land . . . [which was described in detail] . . . said lot of land being owned, to the best of my knowledge and belief, by Annie A. Hall of Boston, Mass.

" ACCOUNT

" Account of Gaetano De Vingo

Gaetano Di Vingo

to

Giovanni Di Salvi, Dr.

" To work and labor performed 15 days labor from January 31, 1907 to May 30, 1907, at $4.00 per day　　　　$60.00

"Account of Francesco Tateo

Francesco Tateo

to

Giovanni Di Salvi, Dr.

" To work and labor performed 15 days labor from January 31, 1907 to May 28, 1907 at $4.00 per day       $60.00

"Account of Ettore Di Giacomo

Ettore Di Giacomo

to

Giovanni Di Salvi, Dr.

" To work and labor performed 8 days from April 22, 1907 to May 30, 1907 at $2.00 per day       $16.00

We further certify that we ceased to perform labor on said building on the thirtieth day of May 1907 and we hereby claim a lien upon said building, and upon the interest of the owner thereof in the lot of land upon which the same is situated to secure the payment of the debt due us as aforesaid, and of the costs which may arise in enforcing said lien. Francesco Tateo, Gaetano Di Vingo, Ettore Di Giacomo by their attorney Charles E. Leonardi."

The certificate was sworn to by Charles E. Leonardi " on behalf of the above named persons."

At the trial, the certificate was admitted in evidence subject to an exception by the respondent. At the close of the evidence the respondent asked the presiding judge to rule as follows:

" 1. That the petitioners did not file in the registry of deeds a certificate within the meaning of R. L. c. 197, § 6, and that for this reason they have no lien upon the premises of the respondent and that the verdict should be for the respondent.

" 2. That the statute provides that each claimant must file an individual certificate to maintain his lien, and as the petitioners joined in a joint certificate they did not comply with the provisions of the statute and are not entitled to a verdict."

The judge refused to rule as requested, and the issues were determined in favor of the petitioners. Thereupon the judge found for the petitioners ; and the respondent alleged exceptions.

*J. F. Cronin,* for the respondent.

*C. E. Leonardi,* for the petitioners.

MORTON, J. This is a petition to enforce mechanics' liens for labor performed in the erection of a building on land belonging to the respondent. The several petitioners have joined in one petition. The case is here on the respondent's exceptions to the refusal of the judge to give certain rulings requested and to the finding in favor of the petitioners.

The petitioners not only joined in one petition to enforce their liens, but they united in one statement or certificate of lien, and it is that which the respondent contends invalidates the proceedings. The statute provides that " The lien shall be dissolved unless the person claiming it, within thirty days after he ceased to labor on . . . the building or structure, files in the registry of deeds for the county or district in which it is situated a statement, signed and sworn to by him or a person in his behalf, giving a just and true account of the amount due him, with all just credits, a description of the property intended to be covered by the lien sufficiently accurate for identification and the name of the owner or owners of such property, if known." R. L. c. 197, § 6. The statement of lien was signed and sworn to on behalf of each petitioner and was duly filed in the registry of deeds within thirty days after each had ceased to labor on the building. It contained a statement of the amount due each, with the number of days of labor and the inclusive dates between which the labor was performed, and the rate of wages. No one looking at the certificate could fail to understand from it that each of the parties claimed a lien on the premises described, for the labor performed by him, or could fail to see that there was a statement by each in the form of an account of the amount due him. The certificate was in effect three statements together instead of being one statement by three. The statute does not provide, it is true, as in the case of petitions, that several may join in one certificate, but it is not forbidden; and, so long as there is a statement by each containing the particulars required by the statute, we see no objection to its being done. The respondent does not contend that she was in any way misled, or that the accounts are not just and true accounts, or that the property, with herself as owner, is not correctly described. The inversion in the accounts of the names of the petitioners and of the contractor as debtor and creditor was an obvious error in the

manner of stating the account, and did not invalidate the liens. R. L. c. 197, § 7. The matter is one of statutory construction, and from the nature of the case decisions from other States can be of little or no assistance, and for that reason we have not thought it necessary to refer to them. We think that the rulings requested were rightly refused, and that the exceptions should be overruled.

*Exceptions overruled.*